## McNALLY et al. v. PHENIX INS. CO. OF BROOKLYN.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

INSURANCE—PROOF OF LOSS—PREMATURE ACTION.

> Insured property was destroyed by fire June 7, 1885, and three days afterwards preliminary loss papers were served on, but rejected by, the company, for want of a certificate of a justice, required by the policy. One year afterwards the required certificate was filed, and action against the company begun on the same day. *Held,* that the action was prematurely brought, defendant being entitled by the policy to 60 days after service of complete loss papers within which to pay the insurance.

Exceptions from circuit court, Kings county.

Action by Frank McNally and others against the Phenix Insurance Company of Brooklyn. The complaint was dismissed, and plaintiffs move for a new trial on exceptions ordered to be heard at the general term in the first instance. Exceptions overruled.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Carpenter & Roderick,* for plaintiffs. *James & Thomas H. Troy,* for defendant.

BARNARD, P. J. This action is based upon a policy of insurance issued by defendant to the plaintiffs. The application described the property as "used

as a storage ice-house." The policy, which was issued on May 2, 1885, describes the property as "occupied as a storage ice-house." The building was destroyed by fire June 7, 1885. On the 8th of June, 1885, the company, without knowledge of the fire, gave a consent that the loss be paid to the mortgagee who held a mortgage on the property. On the 10th of June, 1885, preliminary loss papers were served. The premises were never occupied as a storage ice-house, or used as such. It was new and partly completed at date of policy. No certificate of a justice of the peace accompanied the loss papers. The loss papers were rejected by the company, and on June 7, 1886, this certificate of the justice was served with other loss papers. The action was commenced the same day. By the policy 60 days are given before the loss is payable after the full and complete loss papers are served. The action is therefore prematurely brought. The exception should therefore be over-ruled, and judgment given for defendant, with costs. All concur.